IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WILLIAM D. DICKERSON**                                                                         **PETITIONER**

**V.**                                                  **CIVIL ACTION NO. 3:17CV779 DCB-LRA**

**WARDEN CHERON NASH**[1]                                                                 **RESPONDENT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Petitioner William Dickerson's petition for relief under 28 U.S.C. § 2241.  Dickerson is currently incarcerated in the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi, and seeks to utilize the savings clause of 28 U.S.C. § 2255(e) to challenge the legality of a sentence imposed by the United States District Court for the Central District of Illinois.  Because sentencing challenges do not fall within the scope of the savings clause of § 2255(e), the undersigned recommends that the petition be dismissed for lack of jurisdiction.

Petitioner pleaded guilty to two counts of conspiring to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, § 841(a) and (b)(1)(A).  Because of a prior drug conviction, his mandatory minimum sentence was doubled from 10 to 20 years, and he was sentenced to 240 months imprisonment concurrently on each count, for a total of 20 years.  *United States v. Dickerson*, No. 2:04-CR-20055-SLD (C.D. Ill Apr. 28, 2005).  Dickerson's post-conviction § 2255 motion to vacate was subsequently denied on the

---

[1] The proper respondent in habeas challenges is the custodian of the petitioner. 28 U.S.C. § 2242-2243.  At the time of filing, Petitioner correctly named Respondent as the warden at FCC-Yazoo.  Because he has since been replaced, his successor is automatically substituted. Fed. R. Civ. P. 25(d).

grounds that he knowingly and voluntarily waived his right to collaterally attack his conviction and sentence in his plea agreement. *See United States v. Dickerson*, No. 2:07-CV-02178-JES (C.D. Ill Feb. 19, 2008); *Dickerson v. United States*, No. 18-1835 (7th Cir. July 14, 2008) (denying certificate of appealability). He now seeks relief under § 2241 via the savings clause of § 2255(e). Relying on the United States Supreme Court's decisions in *Mathis v. United States*, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013), he appears to assert that his sentencing enhancement, which increased his mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) from 10 to 20 years, is no longer valid. Because this Court lacks jurisdiction to review a § 2241 petition that challenges the validity of a sentencing enhancement, the petition should be dismissed.

A federal prisoner may seek post-conviction relief under either § 2241 or § 2255, but the mechanisms are distinct. *St. Junius v. Boyle*, 729 F. App'x 326 (5th Cir. 2018) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). A § 2255 petition is "the primary means of collaterally attacking a federal sentence," and is properly brought in the district of conviction, while a § 2241 petition "is used to challenge the manner in which a sentence is executed" and is properly brought in the district of incarceration. *Robinson v. United States*, 812 F.3d 476 (5th Cir. 2016) (internal quotation marks and citation omitted). However, if a prisoner can show that the § 2255 remedy would be "'inadequate or ineffective to test the legality of [the prisoner's] detention,'" he may be permitted to bring a habeas corpus claim pursuant to § 2241 under the savings clause of § 2255. *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting § 2255). To

invoke this exception, a petitioner must make a two-prong showing: (i) that his claim is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense;" and, (ii) that his claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

    No such showing has been made here.  Contrary to Dickerson's assertions, "neither *Mathis* nor *Descamps* establishes that he was convicted of nonexistent federal offenses." *Hayes v. Willis*, 779 F. App'x 248 (5th Cir. 2019).[2]  Rather, Dickerson's challenge is to the validity of his sentencing enhancement.  However, the Fifth Circuit has "repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e)." *Vallery v. Johnson*, 777 F. App'x 753 (5th Cir. 2019); *see also In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) ("a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241").  Although Petitioner's collateral attack waiver has precluded him from filing a § 2255 motion to vacate, he cannot rely on § 2241 to circumvent the procedural bars of § 2255. *Dickerson*, No. 2:07-CV-02178-JES (C.D. Ill Feb. 19, 2008).  Neither a prior unsuccessful § 2255 motion, nor the inability to meet AEDPA's second or successive

---

[2] *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (indicating *Mathis* is not retroactively applicable to cases on collateral review because *Mathis* did not announce a new rule of constitutional law); *Descamps v. United States*, 570 U.S. 254, 258, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013) (holding that "sentencing courts may not apply the modified categorical approach" to determine if a conviction is a violent felony under the ACCA when the crime of conviction "has a single, indivisible set of elements").

requirement, renders § 2255 inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).[3]

Because Petitioner fails to make the requisite showing to bring his claims within the savings clause of 2255(e), the undersigned recommends that the petition be dismissed with prejudice for lack of jurisdiction for the reasons stated.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective

---

[3] At Plaintiff's request, the undersigned has also considered the Seventh Circuit's decision in *United States v. De La Torre*, 940 F.3d 938 (7th Cir. 2019), *reh'g denied* (Dec. 2, 2019), as well as the other authorities cited in his Motion to Cite Additional Authority. ECF No. 21. However, as Respondent notes, none of the cases cited therein establish this Court's jurisdiction pursuant to 28 U.S.C. § 2241.

December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on March 5, 2020.

s/ Linda R. Anderson<br>
UNITED STATES MAGISTRATE JUDGE