IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

WILLIAM D. DICKERSON                                          PETITIONER

v.                      CIVIL ACTION NO. 3:17-cv-779-DCB-LRA

WARDEN CHERON NASH[1]                                    RESPONDENT

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Linda R. Anderson's Report and Recommendation [ECF No. 23], to which no objections have been filed. Having carefully reviewed the same, the Court finds the Report and Recommendation to be well taken and hereby adopt it as the findings and conclusions of this Court.

Petitioner's post-conviction 28 U.S.C. § 2255 motion to vacate was previously denied on the grounds that he knowingly and voluntarily waived his right to collaterally attack his conviction and sentence in his plea agreement. See United States v. Dickerson, No. 2:07-CV-02178-JES (C.D. Ill Feb. 19, 2008); Dickerson v. United States, No. 18-1835 (7th Cir. July 14, 2008) (denying certificate of appealability). Now, the Petitioner seeks relief under 28 U.S.C. § 2241. Petitioner asserts that his

---

[1] The proper respondent in habeas challenges is the custodian of the petitioner. 28 U.S.C. § 2242-2243. At the time of filing, Petitioner correctly named Respondent as the warden at FCC-Yazoo. Because he has since been replaced, his successor is automatically substituted. Fed. R. Civ. P. 25(d).

1

sentencing enhancement, which increased his mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) from 10 to 20 years, is no longer valid. However, as Magistrate Judge Anderson notes, the Court lacks jurisdiction to review a § 2241 petition that challenges the validity of a sentencing enhancement.

Petitioner is currently incarcerated in the Federal Correctional Complex in Yazoo City, Mississippi. Petitioner is serving a sentence imposed by the United States District Court for the Central District of Illinois. A federal prisoner may seek post-conviction relief under either § 2241 or § 2255. As Magistrate Judge Anderson states, "[a] § 2255 petition is "the primary means of collaterally attacking a federal sentence," and is properly brought in the district of conviction, while a § 2241 petition 'is used to challenge the manner in which a sentence is executed' and is properly brought in the district of incarceration." [ECF No. 23] at 2(citing Robinson v. United States, 812 F.3d 476 (5th Cir. 2016) (internal quotation marks and citation omitted)).

However, a prisoner may be permitted to bring a habeas corpus claim pursuant to § 2241 under the savings clause of § 2255(e) if the prisoner makes a two-prong showing: (i) that his claim is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been

2

convicted of a nonexistent offense;" and, (ii) that his claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). The Petitioner has failed to make such a showing. The Petitioner is challenging the validity of his sentencing enhancement, not the underlying conviction. The Fifth Circuit has "repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e)." Vallery v. Johnson, 777 F. App'x 753 (5th Cir. 2019).

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that Magistrate Judge Linda Anderson's Report and Recommendation [ECF No. 23] is ADOPTED as the findings and conclusions of this Court. A final judgment shall be entered on even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 27th day of March, 2020.

_____/s/ David Bramlette____
UNITED STATES DISTRICT COURT